UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: _____

DAVID GROVE,

    Plaintiff,

vs.

AMERICAN BUILDERS & CONTRACTORS
SUPPLY CO., INC. d/b/a ABC SUPPLY CO.,
INC.,

    Defendant(s).
_____/

## **COMPLAINT**

Plaintiff, David Grove (hereinafter referred to as "Plaintiff"), sues Defendant, AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. d/b/a ABC SUPPLY CO., INC. (hereinafter referred to as "Defendant"), and alleges as follows:

### Introduction

1. Plaintiff brings this action against Defendant for subjecting him to discrimination, and ultimately termination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"). Plaintiff also brings a claim for retaliation pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"). Plaintiff seeks to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**Jurisdiction and Venue**

2. This Court has jurisdiction over Plaintiff's FMLA and ADA claims pursuant to 28 U.S.C. § 1331, and has the authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as they arise out of the same operative facts and circumstances as his ADA claims.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in Palm Beach County, where Plaintiff worked for Defendant.

**The Parties**

6. Plaintiff, at all times material hereto, was an employee of Defendant.

7. Plaintiff, at all times material hereto, was an "eligible employee" with respect to FMLA leave as defined in 29 U.S.C. § 2611(2)(A).

8. Plaintiff, at all times material hereto, was protected by 29 U.S.C. § 2615 because he exercised his right to take FLMA leave.

9. Plaintiff, at all times material hereto, was an "employee" as envisioned by 42 U.S.C. § 12111(4) and a "qualified individual" as envisioned by 42 U.S.C. § 12111(8).

10. Plaintiff, at all times material hereto, was protected by 42 U.S.C. § 12112 which forbids discrimination against a qualified individual on the basis of disability in regard to the terms, conditions, and privileges of employment.

11. Plaintiff is a disabled person, and was at all times protected under the ADA and FCRA, in that he suffered from, and successfully treated, a substance addiction.

12. Defendant is a Foreign Profit Corporation incorporated in Delaware, with its principal place of business in Beloit, Wisconsin. Defendant does substantial business across the country and in West Palm Beach, Palm Beach County, Florida, and is therefore within the jurisdiction of this Court.

13. Defendant is, and was at all times material hereto, an "employer" as envisioned by 29 U.S.C. § 2611(4) and 42 U.S.C. § 12111(5)(a), and a "covered entity" as envisioned by 42 U.S.C. § 12111(2).

14. Defendant is, and was at all times material hereto, an "employer" as defined by § 760.02(7), Florida Statutes.

## Conditions Precedent

15. On or about July 15, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging disability discrimination in violation of the ADA and FCRA.

16. More than 180 days have passed since the filing of the Charge of Discrimination.

17. On or about February 18, 2021, the EEOC issued Plaintiff a Notice of Right to Sue, allowing him to file this action.

18. Plaintiff timely files this suit, within ninety (90) days of his receipt of the EEOC's Right to Sue.

19. All conditions precedent to this action have been satisfied and/or waived.

**General Allegations**

20. Defendant is a wholesale distributor of home improvement and renovation materials. Defendant specialized in roofing, but also sells other materials like siding, windows and other select exterior and interior building products, tools, and related supplies.

21. In December 2017 Defendant hired Plaintiff as an inside sales associate, in its window division, at its West Palm Beach, Florida Branch (hereinafter "Branch 484" or "the Branch").

22. Plaintiff was well qualified for the position and was brought in to help the Branch's window division, which had been underperforming. When Plaintiff joined Defendant's team at Branch 484, the Branch's window division was struggling and was ranked thirteenth (13th) in Defendant's South Florida District.

23. Before Defendant hired Plaintiff, a woman named Lisa English (hereinafter "English") was one of three people working in the Branch's window division. However, English and the window division were struggling to meet sales expectations. Despite English's struggles, Defendant did not terminate her, but instead, allowed her to transfer into to the Branch's roofing division.

24. Once hired, Plaintiff used his experience, contacts, and knowledge of building codes, materials, and vendors to help the Branch's window division advance from thirteenth (13th) to fifth (5th) in the South Florida district.

25. In 2019, the windows division exceeded its expected sales numbers by 220%, in large part due to Plaintiff's work.

26. However, during and following this time, Plaintiff was battling substance addiction. On March 1, 2020, Plaintiff chose to seek help and submitted a Request for Leave of Absence

under FMLA to secure thirty (30) days of medical leave at a substance addiction rehabilitation facility.

27. Defendant approved Plaintiff's request, granting Plaintiff leave from March 3 through April 3, 2020.

28. Plaintiff successfully completed the rehabilitation program and returned to work without medical restriction on April 2, 2020.

29. Upon Plaintiff's return to work from the rehabilitation program, Defendant immediately began to treat him differently.

30. Specifically, Plaintiff's supervisor, Matthew Lynskey (hereinafter "Lynskey") and English suddenly began to act coldly and rudely towards Plaintiff, without explanation.

31. Further, upon returning from on leave, Plaintiff discovered that Lynskey, English, and two other salesmen, Charles Rollo (hereinafter "Rollo") and Nicholas Chicano (hereinafter "Chicano") had completely disrupted and sabotaged Plaintiff's organizational filing system, by which he kept track of customers' orders as they proceeded through the sales process.

32. On April 10, 2020, Lynskey issued Plaintiff a written warning for unprofessional behavior – purportedly for taking personal calls during business hours – even though Plaintiff had been allowed to occasionally take personal calls at work before going on leave, and even though other employees in the company would routinely take personal calls during business hours without incident.

33. Further, the reason Plaintiff was taking the calls at issue was to investigate and correct the Defendant's failure to properly submit Plaintiff's disability benefit paperwork to its disability carrier.

34. On or about April 13, Defendant's Human Resources department notified Plaintiff that his phone and internet usage was being monitored moving forward, even though other employees within the company would regularly use company internet for personal errands, such as shopping, without issue.

35. Two weeks later, on or about May 2, 2020, Defendant laid Plaintiff off, purportedly due to the Covid-19 economic downturn and slower business.

36. However, despite Defendant's stated reasons for letting Plaintiff go, Rollo later told one of his customers that the real reason Defendant fired Plaintiff was his personal addiction issues.

37. Even further, shortly after Plaintiff was laid off, Defendant placed several advertisements for Inside Salesperson positions (windows and doors) at several store locations in the Palm Beach and Broward County regions—positions for which Plaintiff was qualified and had excelled in. Plaintiff sought an interview for one of these positions, but Defendant denied Plaintiff the job.

38. Even further, in June 2020, Defendant allowed English to transfer back into Branch 484's window division, filling the vacancy left by Plaintiff, even though English was less qualified for the position than Plaintiff, and even though English had previously been unsuccessful in that very position.

39. Shortly thereafter, in or about June 2020, Chicano transferred out of Branch 484 to one of Defendant's Orlando branches, leaving a vacancy in the roofing division. Rather than move English back to roofing, Defendant allowed English to remain in the window division and transferred another salesperson from its Stuart branch into the vacant roofing position.

## **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

40. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1–6, 9–13, 15–39.

41. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

42. Plaintiff was qualified for his position and remained fully capable of performing the essential functions of his job with Defendant.

43. After learning of Plaintiff's disability, Defendant, through its agents and employees began discriminating against Plaintiff through targeted rude behavior, written warnings which were not issued to other employees, and eventually his termination, as more fully described above.

44. Defendant violated the ADA by intentionally discriminating against Plaintiff based on his disability, and/or his "perceived disability."

45. Defendant's actions have caused and continue to cause Plaintiff to suffer damages, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. Because of the Defendant's flagrant disregard of Plaintiff's federally protected rights against disability discrimination, Plaintiff is entitled to recover punitive damages to punish Defendant for its behavior.

47. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays that this Court will:

    a.    Issue a declaratory judgment that the discrimination and retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

    b.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination/retaliation through reinstatement, or, if that is not practical, through an award of front pay;

    c.    Grant Plaintiff a judgment against Defendant for all damages, including lost wages, compensatory damages, and punitive damages;

    d.    Award Plaintiff reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

    e.    Provide any additional relief that this Court deems just.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

48.    Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1–6, 11–12, 14–39.

49.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

50.    The discrimination to which Plaintiff was subjected was based on his disability/perceived disability.

51.    The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

53. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

54. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will:

   a. Issue a declaratory judgment that the disability harassment/discrimination against Plaintiff by Defendant was a violation of his rights under the FCRA;

   b. Require that Defendant make Plaintiff whole for his losses suffered as a result of the disability harassment/discrimination through reinstatement, or, if that is not practical, through and award of front pay;

   c. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

   d. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; and

   e. Provide any additional relief that this Court deems just and appropriate.

## COUNT III: UNLAWFUL RETALIATION UNDER THE FMLA

55. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1–8, 12–13, 19–39.

56. At all times material hereto, Plaintiff was protected by the FMLA.

57. At all times material hereto, Defendant retaliated against Plaintiff by firing him for his use of FMLA-protected leave.

58. At all times material hereto, Plaintiff was protected from retaliation under the FMLA.

59. Defendant acted with the intent to retaliate against Plaintiff by terminating him because Plaintiff exercised his rights to take approved and protected leave pursuant to the FMLA.

60. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs, and is entitled to recover same pursuant to 29 U.S.C. § 2617(a)(3).

61. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff prays that this Court will:

    a. Enter a judgment determining and declaring that Defendant's termination of Plaintiff was in violation of his rights under the Family Medical Leave Act of 1993;

    b. Enter a judgment against Defendant for damages, including but not limited to lost wages, lost employment benefits, including back pay and front pay; other monetary losses in connection with loss of income; pre-judgment interest; and liquidated damages;

    c. Award Plaintiff his reasonable attorneys' fees and litigation expenses; and

    d. Grant such other and further relief as is just.

**Jury Trial Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated this 8th day of March, 2021.

                Respectfully submitted,

                **Brenton Legal P.A.**
                *Counsel for Plaintiff*
                1070 E. Indiantown Rd., Suite 400
                Jupiter, FL 33477
                Phone: 954-639-4644
                Service: eservice@brentonlegal.com

By: */s/ Ryan Brenton*
     Ryan Brenton
     Florida Bar No.: 107675
     rcb@brentonlegal.com
     Travis Beal
     Florida Bar No.: 104890
     tjb@brentonlegal.com